IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREG ALEXANDER,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:25-cv-07026

## COMPLAINT

Plaintiff, GREG ALEXANDER ("Alexander" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase

products bearing infringing versions of Plaintiff's copyrighted work. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted work to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

## INTRODUCTION

3. Plaintiff, Greg Alexander, is the owner of the federal copyright registration that protects the creative content of Plaintiff's illustration. Alexander is a full-time wildlife artist. His sensitive interpretation, ability to create wild personalities, and dramatic use of light have made his work sought after by collectors worldwide.

4. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyright by selling and/or offering for sale products in connection with Plaintiff's illustration. In addition, the Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's illustration.

5. Plaintiff is the owner of United States Copyright Registration No. VA 2-420-560 (the "Greg Alexander Work") and the registration is attached hereto as **Exhibit 1**. Upon

information and belief, the copyright has an effective date that predates the Defendants' acts of copyright infringement.

6. In an effort to illegally profit from the creative content of the Greg Alexander Work, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Greg Alexander Products.

7. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the Greg Alexander Work. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

8. Plaintiff, Greg Alexander, is the owner of the Copyright Registration that protects the creative content of the Greg Alexander Work. Alexander is a full-time wildlife artist. His sensitive interpretation, ability to create wild personalities, and dramatic use of light have made his work sought after by collectors worldwide. He commits at least a third of his time to field research and reference photography, and so accuracy has become a trademark of his work. Anatomical correctness is essential, however, he also wants to reveal something about the personality of each of his animal subjects. Alexander's deep passion for art began at age six, sparked by watching his father draw a pair of lions. After high school he enrolled in an art college.

However, after speaking with the dean, Plaintiff decided to pursue art on his own terms. He spent four years in a cabin on the south shore of Lake Superior, honing his skills to create artwork that inspires and captivates others. His dedication and hard work have garnered numerous accolades, including ten state conservation stamps. Alexander has also sold over 500,000 pieces of artwork.

9. Alexander has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Greg Alexander Work. As a result, products associated with the Greg Alexander Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Alexander (the "Greg Alexander Products").



https://www.gregalexanderart.com/reproductions/homecoming-elk-g5y6r-h6aa8-hj839-gkmwl-tm8l4-xdcaz-stabw-b39cx

4

10. Plaintiff is the owner of the United States Copyright Registration that covers the Greg Alexander Work. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate is attached hereto as **Exhibit 1**.

11. In an effort to illegally profit from the creative content of the Greg Alexander Work, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Greg Alexander Products. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Greg Alexander Products.

12. Alexander has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Greg Alexander Work.

13. The success of the Greg Alexander Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

14. As a result of Plaintiff's efforts, the quality of the Greg Alexander Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Greg Alexander Work and associate it exclusively with Alexander.

15. Alexander has made efforts to protect Plaintiff's interests in and to the Greg Alexander Work. No one other than Alexander and his licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Greg Alexander Work without the express written permission of Plaintiff.

**THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT**

16. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Greg Alexander Products to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

17. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

18. The Greg Alexander Work is an original work and is copyrightable subject matter under 17 U.S.C. § 101 et seq.

19. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Greg Alexander Work, including derivative works. The Greg Alexander Work is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

20. Each Defendant, without the permission or consent of Plaintiff, has and continues to sell online pirated derivative works of the copyrighted Greg Alexander Work. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

21. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

22. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Greg Alexander Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Greg Alexander Product or is not authorized by Plaintiff to be sold in connection with the Greg Alexander Work;

   b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Greg Alexander Work;

   c. further infringing the Greg Alexander Work and damaging Plaintiff's goodwill;

7

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Greg Alexander Work, and which are derived from Plaintiff's copyright in the Greg Alexander Work; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in the Greg Alexander Work;

2) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: June 24, 2025

Respectfully submitted,
*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**